1   DOUGLAS E. GEYMAN (SBN 159417)
    Law Office of Douglas E. Geyman
2   750 B Street, Suite 2870
    San Diego, CA 92101
3   Telephone: (619) 232-3533
    douglas@geyman.sdcoxmail.com
4
    Attorney for Plaintiff LOLITA SCHAGENE
5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10  LOLITA SCHAGENE, an individual )    Case No. **'13CV0333 W    RBB**
                                   )
11              Plaintiff,         )    **COMPLAINT** for:
                                   )
12  v.                             )    1)   Sex Discrimination (42 U.S.C. § 2000e et
                                   )         seq.);
13  RAYMOND E. MABUS,              )
    SECRETARY OF THE NAVY, and     )    2)   Sexual Harassment (42 U.S.C. § 2000e et seq.);
14  DOES 1 Through 50, inclusive,  )         and
                                   )
15              Defendant.         )    3)   Retaliation (42 U.S.C. § 2000e(k)).
                                   )
16                                 )
                                   )    **JURY TRIAL DEMANDED**
17                                 )
                                   )
18  _____    )

19      Plaintiff LOLITA SCHAGENE for her Complaint alleges as follows:

20      1.      This action is brought pursuant to the provisions of Title VII of the Civil Rights

21  Act of 1964, 42 U.S.C. § 2000e  et seq. ("Title VII"), including subsequent amendments to said

22  statute, to obtain such legal and equitable relief as will effectuate the purposes of said statute.

23                      **JURISDICTION AND VENUE**

24      2.      Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §

25  1331.

26      3.      Venue in the United States District Court for the Southern District of California is

27  proper pursuant to 28 U.S.C. § 1391(e).

28

                             **THE PARTIES**

                                  1

4.      Plaintiff LOLITA SCHAGENE ("Plaintiff" or "Schagene") is an individual residing in the State of California, County of San Diego.

5.      Plaintiff is informed and believes and thereon alleges that defendant RAYMOND E. MABUS, is the Secretary of the Navy ("Defendant"), which is, and all times relevant herein was, a public entity established by the Executive Branch of the United States Government.

## PROCEDURAL AND FACTUAL BACKGROUND

6.      Plaintiff is a member of the protected class of sex (female) pursuant to Title VII.

7.      At all times herein relevant, Plaintiff was a female working in an environment where her management hierarchy and co-workers were primarily male.

8.      At the time of the incidents complained of herein, Plaintiff was working as a Recreation Aid, NF-0189-01, at the Coronado Morale, Welfare, and Recreation ("MWR"), Fiddler's Cove Marina and Recreational Vehicle ("RV") Park in San Diego, California ("Fiddler's Cove").

9.      At the time of the incidents herein, Plaintiff had been a good, honest, reliable and hard-working employee at Fiddler's Cove for over seven (7) years.

10.     During the time relevant herein, Plaintiff's supervisory hierarchy was entirely male: Plaintiff's first level supervisor was Facility Operations Assistant Robert Goodwin ("Goodwin"); her second level supervisor was Marina Manager Curt Snyder ("Snyder"); and her third level supervisor was Installation Program Director Brandon Workman ("Workman").

11.     Beginning in 2004, Plaintiff, as well as other female employees including but not limited to Claire Diet., April LeBlanc, and Ryan Chambley, began being subjected to discriminatory employment acts and harassment from her managers and supervisors, including Goodwin and Workman, all of which served to create and perpetuate an increasingly hostile work environment.

12.     Female workers at Fiddler's Cove were routinely treated in a derogatory manner and were subjected to sexual comments, innuendo and touching. Plaintiff is also informed and believes that two of her female co-workers had been sexually assaulted and/or raped while on the job.

2

13.     On January 11, 2009, Plaintiff needed to pick-up her car from being repaired. Workman volunteered to drive her.  During the drive, Workman exposed his penis to Plaintiff, grabbed Plaintiff's hand,  and attempted to force her to touch his penis.  Plaintiff was shocked, intimidated and humiliated by this incident, and was too embarrassed and fearful to report it to anyone.

14.     Although Plaintiff wanted to complain about Workman's discriminatory, abusive, threatening and harassing behavior, she was too afraid of Workman's reaction and of being physically or sexually retaliated against, or terminated for complaining.  Plaintiff also feared she would not be believed due to the hostile environment at the workplace.

15.     Plaintiff was also repeatedly harassed by Robert Thomas and maintenance worker, Danny Myers ("Myers"), who cornered her, physically intimidated her, assaulted her and touched her in an inappropriate sexual manner.

16.     Although Plaintiff did not complain about each and every incident of inappropriate behavior by male employees at work because she feared retaliation, including physical or sexual assault and loss of her job, she did complain about Myers' repeated harassment to management, including but not limited to Workman and Joanne Muellen ("Muellen"), but to no avail.  Myers was never reprimanded or disciplined, and no other corrective action was ever taken.

17.     Thereafter, the frequency and degree of the harassment and discrimination Plaintiff was subjected to in the workplace increased and intensified.

18.     The harassing conduct was severe and pervasive in that Plaintiff was continually subjected to abusive, harassing and threatening conduct which caused her fear, anxiety and humiliation.

19.     The increasingly hostile work environment Plaintiff was subjected to on a daily basis began to have a debilitating effect on her mental and physical health.  Plaintiff experienced severe anxiety including, but not limited to, fear, excessive worry and stress, insomnia, and panic attacks.

20.     On or around October 2010, Plaintiff was diagnosed with Chronic Obstructive Pulmonary Disease ("COPD").  Thereafter, her fear of being subjected to more physical or sexual

3

1  violence at work increased because of her weakened condition and potential helplessness if she
2  became ill at work.

3      21.      Plaintiff was also harassed, abused and intimidated by her co-workers and
4  supervisors bring firearms into the workplace. For example, Koontz brought his firearm to the
5  workplace prior to going on a camping trip, and Myers, on at least one occasion, brought in his
6  firearm and was looking out the window through the weapon's scope.

7      22.      On or about January 2, 2011, Plaintiff was discriminated against, harassed, abused
8  and intimidated when a co-worker, Brad Richardson ("Richardson") stated to a supervisor, Jarod
9  Koontz ("Koontz") that he should send a letter to another co-worker Myers, ordering Myers to
10 rape Plaintiff and offer her for other employees to rape as a means of raising money for the Boat
11 Club. Richardson also stated that they should have Workman falsify a Lieutenant's signature on
12 the document so it looked more official to Myers. Koontz did not reprimand or discipline
13 Plaintiff's co-worker in any way, such that Plaintiff felt fearful, discriminated against, harassed,
14 abused and intimidated.

15     23.      On or about January 9, 2011, Plaintiff complained about the incident to Workman.
16 However, instead of investigating or remedying the situation, Workman further discriminated
17 against, harassed, abused and intimidated Plaintiff by yelling at her and making sexual slurs.
18 When Plaintiff left work that day, she discovered that a hose and a tire on her car had been
19 punctured. As a result, Plaintiff's fear and intimidation substantially increased.

20     24.      Plaintiff is informed and believes and thereon alleges that the damage to her car
21 was done in retaliation for her complaints about the discriminatory and harassing conduct in the
22 workplace and as a threat of further reprisal.

23     25.      Accordingly, on or about January 18, 2011, Plaintiff resigned her position of seven
24 (7) years. Because Plaintiff was extremely fearful of being physically and/or sexually assaulted or
25 subjected to other retaliatory acts, and Defendant had failed to take any corrective action in
26 response to Plaintiff's other complaints, she did not specify all the reasons for her resignation.

27     26.      In fact, Plaintiff was forced to resign her job with Defendant as a result of the
28 numerous discriminatory and harassing incidents that occurred on the job over the past seven (7)

4

years, including but not limited to, being sexually and physically harassed by Workman, Myers and other employees; threats of physical violence and sexual assault by supervisors and other workers; acts of intimidation, such as having a hose and a tire on her car punctured and being cornered and physically intimidated by male employees; inappropriate sexual misconduct and assault by male employees and supervisors; and being treated in a derogatory manner based, in substantial part, on her gender.

27.     Plaintiff is informed and believes and thereon alleges that Defendant's conduct was motivated in substantial part by Plaintiff's gender and in retaliation for her protected activity of complaining about Defendant's discriminatory and harassing conduct.

28.     As a proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer loss of wages and other benefits of employment, severe and extreme physical and emotional distress including, but not limited to, severe anxiety, post traumatic stress disorder ("PTSD"), panic attacks, insomnia, nightmares and recurring intrusive thoughts about the incidents that occurred in the workplace, and exacerbation of her medical conditions.

29.     On or about February 15, 2011, Plaintiff filed a complaint against Defendant for sexual harassment, sex discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), based on her sex and reprisal, Agency DON No. 11-00245-01920.

30.     On or about November 19, 2012, the EEOC issued its Final Agency Decision, and granted Plaintiff the right to bring suit. Plaintiff, therefore, timely files this action.

<u>COUNT I</u>

**Sex Discrimination**

(42 U.S.C. § 2000e et seq.)

31.     Plaintiff  incorporates herein by references paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32.     Title VII expressly prohibits discrimination based on sex.

33.     Defendant discriminated against Plaintiff by treating her differently from and less preferably than similarly situated male employees, and by subjecting her to adverse employment actions as set forth herein, which included but were not limited to, harassment, gender hostility,

5

hostile work environment, and constructive termination of her employment with Defendant, as well as other forms of discrimination in violation of Title VII.

34.     Plaintiff's claims of employment discrimination based on gender are supported by the acts alleged herein, including but not limited to:

      i.    being continually subjected to abusive, harassing and threatening physical, sexual and verbal conduct which caused Plaintiff fear, anxiety and humiliation;

      ii.    being routinely subjected to sexual slurs and innuendo, and abusive, coarse and threatening language in the workplace;

      iii.    acts of intimidation, including but not limited to having a hose and a tire on her car punctured and being cornered and physically intimidated by male employees;

      iv.    inappropriate sexual misconduct and assault by male supervisors and employees;

      v.    being treated in a derogatory manner based, in substantial part, on her gender;

      vi.    being subjected to increased acts of intimidation, threats, discrimination, and harassment after complaining to Defendant about discriminatory and harassing conduct; and

      vii.    being forced to resign due Defendant's discriminatory, harassing, abusive, intimating and threatening behavior, and Plaintiff's fear for her safety.

35.     Plaintiff is informed and believes, and thereon alleges, that Defendant was motivated to discriminate against her and harass her based, in substantial part, on her gender.

36.     Plaintiff is informed and believes, and thereon alleges, that male employees were not subjected to the same degree of discrimination and harassment as Plaintiff and other female employees.

37.     Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Plaintiff.

1      38.      Defendant's conduct has also produced a disparate impact against Plaintiff with

2 respect to the terms and conditions of her employment.

3      39.      As a result of Defendant's discriminatory acts, Plaintiff has suffered economic and

4 other losses, including, but not limited to, loss of gainful employment, loss of earnings, loss of

5 leave time and other employment benefits, loss of retirement benefits and privileges based on

6 tenure, and damages for emotional distress, humiliation and mental anguish, in an amount to be

7 determined at trial.

8 **COUNT II**

9 **Sexual Harassment**

10 (42 U.S.C. § 2000e et seq.)

11      40.      Plaintiff incorporates herein by references paragraphs 1 through 39 of this

12 Complaint as though fully set forth herein.

13      41.      Title VII expressly prohibits discrimination and harassment based on sex.

14      42.      Defendant discriminated against Plaintiff by permitting an ongoing, severe and

15 pervasive pattern and practice of harassment against Plaintiff and by creating and maintaining a

16 hostile work environment based on sex in violation of Title VII.

17      43.      Defendant's harassment altered Plaintiff's conditions of employment by creating

18 an abusive and intimidating working environment for her.

19      44.      Plaintiff's claims of harassment based on gender are supported by the acts alleged

20 herein, including but not limited to:

21           i.      being continually subjected to abusive, harassing and threatening physical,

22                sexual and verbal conduct which caused Plaintiff fear, anxiety and

23                humiliation;

24           ii.      being routinely subjected to sexual slurs and innuendo, and abusive, coarse

25                and threatening language in the workplace;

26           iii.      acts of intimidation, including but not limited to having a hose and a tire on

27                her car punctured and being cornered and physically intimidated by male

28                employees;

iv.    inappropriate sexual misconduct and assault by male supervisors and employees;

v.    being treated in a derogatory manner based, in substantial part, on her gender;

vi.    being subjected to increased acts of intimidation, threats, discrimination, and harassment after complaining about discriminatory and harassing conduct; and

vii.    being forced to resign due Defendant's harassing, abusive, intimating and threatening behavior, and Plaintiff's fear for her safety.

45.    Plaintiff is informed and believes, and thereon alleges, that Defendant was motivated to harass her based, in substantial part, on her gender.

46.    Plaintiff is informed and believes, and thereon alleges, that male employees were not subjected to the same degree of discrimination and harassment as Plaintiff and other female employees.

47.    Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Plaintiff.

48.    As a result of Defendant's harassing acts, Plaintiff has suffered economic and other losses, including, but not limited to, loss of gainful employment, lost earnings, loss of leave time and other employment benefits, lost retirement benefits and privileges based on tenure, and damages for emotional distress, humiliation and mental anguish, in an amount to be determined at trial.

## COUNT III

### Retaliation

(42 U.S.C. 2000e et seq.)

49.    Plaintiff incorporates herein by references paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50.    Title VII prohibits retaliation against an individual for engaging in protected activity thereunder. Plaintiff's complaints about discrimination, sexual and physical harassment,

1 | abuse and intimation were and are protected activity under Title VII.

2 | 51.      Defendant retaliated against Plaintiff because she attempted to obtain a work

3 | environment free of harassment and gender discrimination, and also because she complained

4 | about such harassment and gender discrimination as set forth herein.

5 | 52.      Defendant retaliated against Plaintiff by subjecting her to adverse employment

6 | actions as set forth herein, including but not limited to, harassment, gender hostility, hostile work

7 | environments, acts of intimidation, threats of sexual and physical assault, and constructive

8 | termination from her employment with Defendant, as well as other forms of retaliation in

9 | violation of Title VII.

10 | 53.      Plaintiff believes and thereon alleges that Defendant considered her protected

11 | activity and discriminated against her based thereon in violation of Title VII.

12 | 40.      Defendant's conduct has been intentional, deliberate, willful, malicious, reckless

13 | and conducted in callous disregard of the rights of Plaintiff.

14 | 54.      As a result of Defendant's discriminatory and retaliatory acts, Plaintiff has suffered

15 | economic and other losses, including, but not limited to, loss of gainful employment, lost

16 | earnings, loss of leave time and other employment benefits, lost retirement benefits and privileges

17 | based on tenure, and damages for emotional distress, humiliation and mental anguish, in an

18 | amount to be proven at trial.

19 | **PRAYER FOR RELIEF**

20 | WHEREFORE Plaintiffs prays for relief as follows:

21 | 1.      For compensatory damages, including, but not limited to, lost earnings, lost leave

22 | time and other benefits including lost retirement benefits and privileges based on tenure, damages

23 | for emotional distress, humiliation and mental anguish, all in an amount to be proven at trial;

24 |

25 | 2.      For an award of interest, including prejudgment interest, at the legal rate;

26 | 3      For attorneys' fees, according to proof at trial;

27 | 4.      For costs of suit incurred herein;

28 | 5.      For a jury trial on all issues so triable; and

9

1    6.      For such other and further relief as the Court may deem appropriate.

2    February 13, 2013                    LAW OFFICES OF DOUGLAS E. GEYMAN

3

4

5                                        By: s//Douglas E. Geyman
                                             Douglas E. Geyman, Esq.
6                                            Attorney for Plaintiff LOLITA SCHAGENE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10