15 JAN 20 AM 10:40

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| LOLITA SCHAGENE, an individual,<br><br>Plaintiff,<br>vs.<br>RAYMOND E. MABUS, SECRETARY OF THE NAVY, and DOES 1 Through 50, inclusive,<br><br>Defendants. | CASE NO. 13cv0333-WQH-RBB<br><br>ORDER |
|---|---|

HAYES, Judge:

The matter before the Court is the Motion in Limine to Exclude Evidence of Time-Barred Events Alleged by Plaintiff filed by Defendant Raymond Mabus. (ECF No. 32).

I. Background

On February 12, 2013, Plaintiff Lolita Schagene commenced this action by filing a Complaint in this Court. (ECF No. 1). On September 26, 2014, the Court held a pretrial conference. On September 29, 2014, the Court ordered that "Defendant shall file motions addressing all legal issues that can be resolved pretrial by November 3, 2014." (ECF No. 30 at 1). On November 4, 2014, Defendant filed the Motion in Limine to Exclude Evidence of Time-Barred Events Alleged by Plaintiff. (ECF No. 32). On November 7, 2014, Plaintiff filed an opposition. (ECF No. 34).

The Complaint alleges that Plaintiff was subjected to continued discrimination and harassment by her supervisors at Fiddler's Cove Marina from 2004 until 2011. The Complaint alleges that on January 2, 2011, a co-worker, Brad Richardson, and a

supervisor, Jarod Koontz, discussed sending a letter to another co-worker, ordering him to rape Plaintiff (the "alleged January 2011 Incident"). The Complaint alleges various other allegedly discriminatory, harassing, or retaliatory actions taken by Plaintiff's supervisors at Fiddler's Cove Marina. The Complaint asserts claims for Title VII sex discrimination, sexual harassment, and retaliation.

## II. Discussion

Defendant moves to exclude evidence of eleven events identified by Plaintiff in her deposition that she believes constitute harassment, discrimination, or retaliation. Defendant asserts that the last allegedly unlawful event occurred on October 31, 2010. Defendant asserts that Plaintiff did not seek Equal Employment Opportunity ("EEO") counseling regarding the allegedly unlawful events until February 15, 2011. Defendant contends that all allegedly unlawful events are time-barred because Plaintiff failed to seek EEO counseling within forty-five days of their occurrences.

Plaintiff contends that one alleged unlawful event took place on January 14, 2011 and is therefore within forty-five days of her attorney making contact with the Equal Employment Opportunity Commission ("EEOC") in February of 2011. Plaintiff contends that the continuing violation doctrine applies to hostile work environment claims. Plaintiff contends that tolling, waiver, or estoppel may be applicable in this case.

### A. Legal Standard

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir.2009) (citation omitted). "[A] motion *in limine* should not be used to resolve factual disputes or weigh evidence." *C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). "To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." *Goodman v. Las Vegas Metro. Police Dept.*, 963 F. Supp. 2d 1036, 1047 (D. Nev. 2013) (citation and quotation marks

omitted). "*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### B. Ruling of the Court

With respect to the alleged January 2011 Incident, the Court finds that the date on which it occurred is triable issue of fact. Plaintiff testified that in January of 2011, Brad Richardson, a co-worker, and Jarod Koontz, a supervisor, discussed forging a military order to order Danny Myers, another co-worker, to rape Plaintiff. (ECF No. 32-1 at 13). Defendant submits the Declaration of Brandon Workman to demonstrate that this event did not occur, but was Plaintiff's misunderstanding, and that the conversation took place on October 31, 2010. (ECF No. 32-2). The Court finds that the date on which this alleged event occurred is a factual question not properly resolved on a motion *in limine*. *C & E Servs., Inc.*, 539 F. Supp. 2d at 323. Defendant's motion to exclude evidence of the alleged January 2011 Incident as time-barred is denied.

With respect to all other allegedly unlawful employment actions, the Court finds that no grounds exist for their exclusion at this stage in the proceedings. Plaintiff's second claim for sexual harassment alleges a hostile work environment. For hostile work environment claims, "[p]rovided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002). If Plaintiff is able to establish that the alleged January 2011 Incident occurred within the forty-five day period, Plaintiff may also be able to establish that the alleged January 2011 Incident and prior incidents create a hostile work environment, which would constitute "one 'unlawful employment practice.'" *Id.* at 117 (citation omitted). Even if Plaintiff is unable to establish a hostile work environment, the Court concludes that evidence of the prior incidents may be admissible for purposes other than Defendant's liability. *See id.* at 113 (noting that

Title VII does not "bar an employee from using the prior [time-barred] acts as background evidence in support of a timely claim"); *Goodman*, 963 F. Supp. 2d 1036 at 1047 (noting that evidence should not be excluded *in limine* unless inadmissible for any purpose). Defendant's motion to exclude evidence of other allegedly time-barred events is denied.

### III. Conclusion

Defendant's Motion in Limine to Exclude Evidence of Time-Barred Events Alleged by Plaintiff (ECF No. 32) is DENIED.

DATED: 1/16/15

WILLIAM Q. HAYES
United States District Judge