UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOLITA SCHAGENE,<br><br>                                   Plaintiff,<br><br>v.<br><br>RICHARD V. SPENCER, Secretary of the Navy,<br><br>                                   Defendant. | Case No.:  13cv333-WQH(RBB)<br><br>**ORDER GRANTING IN PART DEFENDANT'S EX PARTE APPLICATION FOR COURT ORDER [ECF NO. 161]** |

On January 4, 2018, Defendant Richard Spencer, the United States Secretary of the Navy,[1] filed an Ex Parte Application for Court Order Ordering Joel Lazar, Ph.D. to Release Psychological Records (the "Application for Court Order") [ECF No. 161]. Plaintiff Lolita Schagene opposed Defendant's Application for Court Order on

---

[1]  Richard V. Spencer became Secretary of the Navy in August 2017, and is therefore substituted as Defendant in this suit for former Secretary of the Navy, Raymond E. Mabus, Jr.  See Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.").

January 15, 2018 [ECF No. 164], and Defendant replied on January 22, 2018 [ECF No. 165]. For the reasons discussed below, Defendant's Application for Court Order [ECF No. 161] is **GRANTED IN PART**.

## I. FACTUAL BACKGROUND

On February 12, 2013, Schagene filed a Title VII hostile work environment action against her former employer, the Department of the Navy, which operates Fiddler's Cove Marina and Recreational Vehicle Park at the Naval Base Coronado. (See Compl. 1-2, ECF No. 1.) Plaintiff had worked for Defendant for over seven years before she resigned on January 18, 2011. (Id. at 2, 4.) Schagene alleges that during her employment with Defendant, she was subjected to "numerous discriminatory and harassing" incidents. (See id. at 4-5.)

> [Schagene complains of] being sexually and physically harassed by Workman, Myers and other employees; threats of physical violence and sexual assault by supervisors and other workers; acts of intimidation, such as having a hose and a tire on her car punctured and being cornered and physically intimidated by male employees; inappropriate sexual misconduct and assault by male employees and supervisors; and being treated in a derogatory manner . . . .

(Id. at 5.) Plaintiff contends Defendant's conduct was motivated by her gender, and Defendant retaliated after she complained about the conduct. (Id.)

> [Schagene claims that she] suffered and continues to suffer loss of wages and other benefits of employment, severe and extreme physical and emotional distress including, but not limited to, severe anxiety, post-traumatic stress disorder ('PTSD'), panic attacks, insomnia, nightmares and recurring intrusive thoughts about the incidents that occurred in the workplace, and exacerbation of her medical conditions.

(Id.) Plaintiff alleges causes of action for sex discrimination, sexual harassment, and retaliation. (Id. at 5-9.) She seeks compensatory damages, including lost earnings, leave time, retirement benefits, and privileges based on tenure, emotional distress damages, interest, attorney's fees, and costs of suit. (Id. at 9.)

## II.  PROCEDURAL BACKGROUND

The Court issued a Case Management Order Regulating Discovery and Other Pretrial Proceedings on July 10, 2013.  (Case Mgmt. Conference Order, ECF No. 10.) During the course of discovery, the Secretary of the Navy subpoenaed records from Schagene's treating psychiatrist, Joel D. Lazar, Ph.D.  (Ex Parte Appl. Ct. Order 2, ECF No. 161.)  On March 6, 2014, Plaintiff served Rule 26 Rebuttal Expert Witness Disclosure in which she designated Dr. Lazar and described his anticipated testimony as follows:

> It is anticipated that Dr. Lazar will provide testimony to rebut or contradict the conclusions reached by Defendant's expert, Mark A. Kalish. Some of this testimony will concern rebutting Dr. Kalish's conclusions regarding Plaintiff's psychological condition; the psychological injury suffered by Plaintiff as a result of the alleged sexual harassment and the effect it had on Plaintiff's psychiatric condition; and Plaintiff's reliability and credibility as a witness.
>
> Dr. Lazar's designation as a rebuttal witness does not in any way limit his ability to testify as a percipient treating physician as to his personal knowledge of the facts gained as Plaintiff's treating physician, independent of the litigation, and any opinions formed on the basis of such independently facts acquired and informed by his training, skill, and experience.

(Id. at 7-8.)  The Secretary deposed Dr. Lazar on April 22 and 29, 2014, and obtained Schagene's updated records during the deposition.  (Id. at 2; see also Opp'n 6 (declaration of McKellar), ECF No. 164.)

Before trial, Plaintiff filed a Motion in Limine seeking to preclude any evidence about her prior conviction or the charges that led to her conviction, and her mental health state in 1997–1998.  (Pl.'s Trial Br. Attach. #3, Pl.'s Mot. in Lim. 1-3, ECF No. 105.) The court granted in part the motion and precluded the introduction of "any evidence" concerning Schagene's "1997–1998 charges, confinement, competency determination, or treatment without first obtaining leave of Court."  (Order 3, Nov. 23, 2017, ECF No. 117.)  The court denied without prejudice Plaintiff's motion to preclude the admission of "any evidence" regarding her "mental health state in 1997–1998."  (Id.)

The trial was held in December 2015, and the jury rendered a verdict in favor of the Secretary of the Navy [ECF Nos. 129-30, 134-35]. Plaintiff appealed, and on August 22, 2017, the Ninth Circuit Court of Appeals reversed the judgment. Schagene v. Mabus, 704 F. App'x 671, 673 (9th Cir. 2017). The appellate court found that the district court erred by allowing Defendant's designated expert, Dr. Kalish, to testify about Schagene's mental health based in part on her mental health records from 1997–98, without obtaining leave of the court. Id. It also concluded that the trial court erred by permitting Defendant to cross-examine Dr. Lazar about Plaintiff's loss of the custody of her children following her 1997 arrest. Id. The Ninth Circuit reasoned that because the events giving rise to this action occurred during the period of 2004–2011, "testimony about Schagene's mental health diagnoses, medication, and symptoms in 1997–1998 could not show that it was any more or less probable that Schagene could accurately perceive and tell the truth during the timeframe of the events alleged[,]" and the high risk of prejudice substantially outweighed its probative value. Id. Similarly, the appellate court found that evidence that Plaintiff lost custody of her children following her arrest in 1997 was inadmissible because its prejudicial effect substantially outweighed its probative value. Id.

After remand, United States District Judge William Q. Hayes held a pretrial conference on November 28, 2017 [ECF No 160]. During the conference, Defendant asked Plaintiff to update her "medical psychological records" and employment information; and the Court directed the parties to meet and confer, and to file a motion if the issue could not be resolved. (Opp'n 6 (declaration of McKellar), ECF No. 164; see also Pretrial Conference Tr. 4-6, Nov. 28, 2017, ECF No. 166.) On December 5, 2017, the Secretary of the Navy served three interrogatories on Schagene. (Ex Parte Appl. Ct. Order 3, ECF No. 161.) The parties attempted to negotiate the scope of additional discovery but were not able to reach an agreement. (See id. at 3-4; Opp'n 3, ECF No. 164; Reply 1-2, ECF No. 165.) On January 4, 2018, Defendant filed the Application for

Court Order, which District Judge Hayes referred to this Court.  (Order, Jan. 25, 2018, ECF No. 167.)

### III.  LEGAL STANDARD

The district court has discretion to reopen discovery on remand.  See King v. GEICO Indem. Co., __F. App'x__, 2017 WL 5256243, at *2 (9th Cir. Nov. 13, 2017) ("A district court's determination regarding whether to . . . reopen discovery is reviewed for abuse of discretion."); see also Millenkamp v. Davisco Foods Int'l, Inc., No. CV03–439–S–EJL, 2009 WL 3430180, at *3 (D. Idaho Oct. 22, 2009) (noting that the appellate court did not remand the case with directions that the trial court take additional evidence or allow further discovery; therefore, whether to reopen discovery was left to the discretion of the trial court).  But "a remand is not typically intended to allow a party to fill in the gaps from the original record."  Millenkamp, 2009 WL 3430180, at *3 (citing Rochez Bros., Inc. v. Rhoades, 527 F.2d 891, 894 (3d Cir. 1975)).

Rule 16(b)(4) of the Federal Rules of Civil Procedure states that "[a case management] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); see also Singleton v. Hedgepath, No. 1:08–cv–00095–AWI–GSA–PC, 2015 WL 1893982, at *1, *5 (E.D. Cal. Apr. 24, 2015) (analyzing a request to reopen discovery after remand under Rule 16 of the Federal Rules of Civil Procedure); Rodriguez v. Gen. Dynamics Armament & Tech. Prods., Inc., Civil No. 08–00189 SOM/LSC, 2013 WL 4603057, at *3 (D. Haw. Aug. 29, 2013) (finding that Rule 16 of the Federal Rules of Civil Procedure governed the motion to reopen discovery after remand; reasoning that a request "to reopen discovery after the discovery cutoff" was "a request for an extension[]").

The Ninth Circuit has instructed trial courts to consider the following factors in determining whether to amend a Rule 16 scheduling order to reopen discovery:

1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court,

5

5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (citation omitted). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. See Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating that Rule 16(b) scheduling order may be modified for "good cause" based primarily on the diligence of moving party).

"Absent the reopening of discovery . . . a party may still be required to update discovery materials after the deadline" pursuant to Federal Rule of Civil Procedure 26(e). See Holiday Resales, Inc. v. Hartford Cas. Ins. Co., CASE NO. 2:07-cv-01321-JLR, 2008 WL 11343449, at *2 (W.D. Wash. Oct. 2, 2008) (denying plaintiff's motion to reopen discovery but directing plaintiff, pursuant to Rule 26(e)(2), to file a supplemental damages report thirty days before the trial). A party who has made an initial disclosure under Rule 26(a) or responded to an interrogatory or request for production may be is required to "supplement or correct its disclosure or response." Fed. R. Civ. P. 26(e)(1). It must do so "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Id. 26(e)(1)(A). Likewise, a party is required to supplement its expert witness' report. See id. 26(e)(2). "For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition." Id. The Federal Rules of Civil Procedure prescribe timely disclosures. "Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Id. The duty to disclose is a "continuing duty," and a party that "fails to provide information or identify a witness as required by Rule 26(a) or (e), . . . is

not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1); <u>see also</u> <u>Fourth Inv. LP v. United States</u>, No. 08cv110 BTM (BLM), 2010 WL 2196107, at *1 (S.D. Cal. June 1, 2010) (citing Fed. R. Civ. P. 26(e); <u>Hoffman v. Constr. Protective Servs., Inc.</u>, 541 F.3d 1175, 1179 (9th Cir. 2008)).

## IV.  DISCUSSION

Defendant seeks an order requiring (1) Dr. Lazar to produce Plaintiff's records from March 31, 2014, to the present, and (2) Plaintiff to respond to the three interrogatories Defendant propounded on December 5, 2017.  (<u>See</u> Ex Parte Appl. Ct. Order 1, 4-5, ECF No. 161; Reply 4, ECF No. 165.)  The Secretary of the Navy claims that Schagene's treatment with Dr. Lazar and other medical care providers is relevant to her alleged emotional distress damages, and Schagene's delusional disorder diagnosis impacts her credibility.  (Ex Parte Appl. Ct. Order 1-3, ECF No. 161.)  Defendant also maintains that Plaintiff's suggestion that post-trial discovery be limited because she is represented by pro bono counsel is not a sufficient reason to deny the requested discovery.  (Reply 2-4, ECF No. 165.)

Schagene argues in her opposition that discovery is closed and the Defendant did not seek leave to reopen discovery.  (<u>See</u> Opp'n 2-3, ECF No. 164.)  Plaintiff contends that Defendant failed to establish good cause to reopen discovery because he neither explained why the disputed records are relevant nor how he seeks to utilize the records at trial.  (<u>Id.</u> at 2-4.)  Schagene's counsel argues that her "appointment by the pro bono panel does not generally encompass a large amount [of] potentially expensive and voluminous pre-trial discovery such as expert depositions."  (<u>Id.</u> at 4.)  Additionally, Plaintiff claims that while her "updated therapy records may be relevant to a new trial," records concerning all of her medical care providers and pharmacies where she filled her prescriptions are not relevant.  (<u>Id.</u>)

As an initial matter, the Court addresses Schagene's contention that discovery is closed and the Defendant did not seek leave to reopen discovery. (<u>See</u> Opp'n 2-3, ECF No. 164.) The Plaintiff states, "The Court directed the parties to meet and confer on the matter and to submit a written motion to the Court if the parties could not agree." (<u>Id.</u> at 3.) The Defendant, however, assumes that Judge Hayes authorized defense counsel to obtain some post-remand discovery. (<u>See</u> Ex Parte Appl. Ct. Order 3, ECF No. 161.)

> Defense counsel then received permission from the Court to file the Joint Motion relating to Dr. Lazar's records directly with Judge Hayes, and to serve limited interrogatories on Plaintiff asking the identity of any additional mental health care providers with whom she has treated since the last trial, and the identity of any additional employers with whom she has worked.

(<u>Id.</u>) The Court advised the parties, "When I get the joint status report or discovery, if it appears that . . . you can't agree on it or there is some dispute, then I will likely send it down to Judge Brooks to resolve any discovery issues." (Pretrial Conference Tr. 5-6, Nov. 28, 2017, ECF No. 166.)

In his Ex Parte Application and subsequent Reply Brief, the Secretary of the Navy does not cite any case authority addressing the standard for reopening discovery and determining its scope. Although he does not ask to "reopen" discovery, the Defendant "seeks permission from the Court to serve an Order on Dr. Lazar, Plaintiff's treater and expert witness, requiring his production of updated records relating to the Plaintiff." (Ex Parte Appl. Ct. Order 4, ECF No. 161.)

The Court construes Defendant's Ex Parte Application as a motion to reopen discovery. Whether to reopen discovery is a matter of discretion. <u>See</u> <u>King</u>, __F. App'x__, 2017 WL 5256243, at *2. The factors considered by courts in determining whether to amend a scheduling order weigh in favor of reopening discovery. <u>See</u> <u>City of Pomona</u>, 866 F.3d at 1066. The pretrial conference is set for June 15, 2018, and the trial has not yet been scheduled. (<u>See</u> Order Granting Mot. Continue Pretrial Conference 1, ECF No. 169.) Further, Schagene "is willing to stipulate" to the release of Dr. Lazar's

updated records, although she objects to the broad reopening of discovery. (See Opp'n 2, ECF No. 164.)

Although Schagene will suffer some prejudice if discovery is reopened, the limited discovery requested by the Secretary of the Navy, further narrowed by the Court below, seeks relevant information without which the Secretary may not meaningfully assess Schagene's current mental state and her alleged damages, and try the case. See Singleton, 2015 WL 1893982, at *5 (allowing limited discovery on remand; reasoning that although the party resisting discovery would "certainly suffer some prejudice if discovery is reopened[,]" the party seeking discovery must be allowed discovery it is entitled to under the Federal Rules of Civil Procedure).

Notably, the evidence on Defendant's diligence in obtaining discovery is sparse; after the Court issued its Case Management Scheduling Order, Defendant timely propounded discovery requests and deposed Dr. Lazar in 2014. (See Ex Parte Appl. Ct. Order 2, ECF No. 161; Reply 2, ECF No. 165.) The Defendant indicates that in April of 2014, he deposed Dr. Lazar, who was designated as Plaintiff's rebuttal expert witness, and received updated medical records for the Plaintiff. (See Ex Parte Appl. Ct. Order 7-8, ECF No. 161.) But his Ex Parte Application does not show that the Secretary of the Navy sought to reopen discovery before the delayed trial, which took place in December of 2015. The Defendant urges that Dr. Lazar "provided new opinions while on the stand that differed from some of the opinions he expressed in his medical records and during his deposition." (Id. at 2.) Defendant Spenser now seeks updated medical records for the time period March 31, 2014, through the present, (id. at 2-3 (emphasis added)), and answers to three interrogatories relating to treating medical providers, filled prescriptions, and Plaintiff's employment from January 1, 2014, to the present, (Reply 12-13, ECF No. 165 (emphasis added)). Defendant's efforts to obtain post-trial discovery are discussed in some detail. (See Ex Parte Appl. Ct. Order 2-4, ECF No. 161.) The Defendant made some efforts to obtain this type of discovery before the first trial and was diligent in

seeking to obtain post-trial discovery. On balance, the diligence showing is satisfied for both periods, the time preceding the first trial and since.

Finally, although Defendant states that it may seek leave to obtain additional records from other medical providers after reviewing Dr. Lazar's updated records or Plaintiff's interrogatory responses, (see Reply 4, ECF No. 165), the Court declines to issue a ruling regarding any additional discovery based on mere speculation (see Master, Ltd. v. Zobmondo Entm't, LLC, Case Nos. CV 06-3459, CV 07-0571 ABC (PLAx), 2011 WL 13124102, at *4 (C.D. Cal. Feb. 8, 2011) ("This [post-remand discovery] was not a chance to conduct discovery as if 'this litigation [was] starting over.'")) (alteration in original)). Having considered the City of Pomona factors, the Court finds good cause to modify the scheduling order, and reopens limited discovery, as described below. See City of Pomona, 866 F.3d at 1066.

## A. Dr. Lazar's Records

Defendant asks the Court to order Dr. Lazar to produce Plaintiff's medical records from March 31, 2014, to the present. (See Ex Parte Appl. Ct. Order 4-5, ECF No. 161; Reply 4, ECF No. 165.) The Secretary of the Navy claims that the records cover the period after Dr. Lazar's deposition and are relevant because Dr. Lazar has treated Schagene for delusional disorder and schizophrenia for many years, Schagene put her emotional distress at issue, and Schagene's delusional disorder diagnosis affects her credibility at trial. (See Ex Parte Appl. Ct. Order 1, 3, ECF No. 161; Reply 2, ECF No. 165.) Defendant further argues that Plaintiff's counsel "is confusing the nature of Dr. Lazar's involvement" in the case, as evidenced by the counsel's statement that "Plaintiff will produce a report setting forth any new opinions formed by Dr. Lazar . . . ." (Reply 3, ECF No. 165.) Defendant Spencer maintains that Dr. Lazar is not a formally retained expert; rather, he is Schagene's treating physician who has not been designated as a retained expert and has not produced an expert report under Rule 26 of the Federal Rules of Civil Procedure, and is now precluded from doing so. (Id. But see Ex Parte Appl. Ct. Order 7-8, ECF No. 161 (designating rebuttal witness).) The Secretary of the Navy

offers that his designated medical expert, Dr. Kalish, would deliver an updated expert report within two weeks of receiving Dr. Lazar's updated records, and offers to make Dr. Kalish available for deposition.  (Reply 3-4, ECF No. 165.)

Plaintiff acknowledges that her "updated therapy records may be relevant to a new trial" and states that "[she] is willing to stipulate to the release of Dr. Joel Lazar's records . . . ."  (See Opp'n 2, 4, ECF No. 164.)  Schagene asserts that if the Secretary provides the updated medical records to his designated expert, Dr. Kalish, she should be provided Dr. Kalish's amended expert report and be able to depose him "on how the records amended or affirmed his opinions and why."  (Id. at 4.)  Plaintiff also offers to "produce a report setting forth any new opinions formed by Dr. Lazar during the time period which the records cover at the same time that Dr. Kalish produces his report."  (Id. at 5.)

Schagene alleges in her Complaint that she "suffered and continues to suffer . . . severe and extreme" emotional distress, including "severe anxiety, post-traumatic stress disorder ('PTSD'), panic attacks, insomnia, nightmares and recurring intrusive thoughts about the incidents that occurred in the workplace," and seeks emotional distress damages.  (See Compl. 5, 9, ECF No. 1 (emphasis added).)  Dr. Lazar is Plaintiff's treating psychiatrist who last provided treatment records concerning Plaintiff during his April 2014 deposition.  (See Ex Parte Appl. Ct. Order 2, ECF No. 161.)  In light of Schagene's Complaint allegations, requested damages, and past diagnoses of delusional disorder and schizophrenia, the Secretary's request seeks relevant information. Further, the request for Dr. Lazar's updated records is limited to the time period after his deposition.

The Court **GRANTS** Defendant's request.  Plaintiff is **ORDERED** to produce her psychological records generated by Dr. Lazar from March 31, 2014, to the present, by **March 22, 2018**.  If after reviewing the updated records, the Defendant's designated medical expert, Dr. Kalish, issues an amended expert report, he must do so by **April 5, 2018**.  See Rios v. Wal-Mart Stores, Inc., No. 2:11–cv–01592–APG–GWF, 2014 WL

1413639, at *6 (D. Nev. Apr. 11, 2014) ("Both parties are also entitled to obtain updated expert medical opinions regarding to what extent, if any, the condition of Plaintiff's lumbar spine following pregnancy and childbirth can reasonably be attributed to injuries caused by the . . . accident, rather than to her underlying and pre-existing degenerative conditions."). Further, because Dr. Lazar is Plaintiff's treating psychologist who has not been designated as a retained medical expert, the Court is not ordering Dr. Lazar to produce an expert report. The parties may depose Dr. Lazar and Dr. Kalish, by **April 19, 2018**. See id. (allowing a deposition of plaintiff's treating physician on remand). The depositions are limited to the issues and time frames specified in this order.

**B.  Defendant's Interrogatories**

Defendant's interrogatories seek information from January 1, 2014, to the present, regarding (1) all medical and mental health care practitioners who have treated Plaintiff, (2) all pharmacies that have filled Plaintiff's prescription medications, and (3) all Plaintiff's employers. (See Reply 12-13, ECF No. 165.) The Secretary of the Navy claims that Schagene has neither responded nor objected to the interrogatories. (Id. at 2.) Defendant contends that he seeks relevant information and would be "severely prejudiced" if he proceeds to trial without the requested information. (Id.) Schagene states in her opposition that Defendant Spencer served the interrogatories without obtaining leave of court and argues that the interrogatories are overbroad. (See Opp'n 3-4, ECF No. 164.)

**1.  Interrogatory number one**

Defendant's interrogatory one seeks the following:

Other than Joel Lazar, Ph.D., identify all medical and mental health care practitioners with whom you have treated from January 1, 2014 to the present, including medical doctors, psychiatrists, psychologists, counselors and therapists. For each such provider identified, provide the name, current address, telephone number, and the dates you treated with each individual provider.

(Reply 12, ECF No. 165.)  Schagene has not formally responded to the interrogatory, but on January 4, 2018, her counsel advised defense counsel in an e-mail that Schagene "[had] not seen any other psychiatrist, counselor, or psychologist other than [Dr. Lazar] since trial."  (Id. at 9.)  Plaintiff's counsel further stated that the request for all medical records was overbroad, but noted that "[i]f Dr. Lazar's records reveal that there is a medical issue that is contributing to [Plaintiff's] emotional distress, we will provide medical records associated with that issue."  (Id.)

Defendant does not explain why he seeks information dating back to January 1, 2014, almost two years before Plaintiff's December 2015 trial; and the Court finds the request to be overbroad and limits the time period to December 1, 2015, through the present.  (See Ex Parte Appl. Ct. Order 1-5, ECF No. 161; Reply 1-4, ECF No. 165.)  As discussed above, Plaintiff alleges in her Complaint that she "suffered and continues to suffer . . . severe and extreme" emotional distress, and seeks emotional distress damages.  (See Compl. 5, 9, ECF No. 1) (emphasis added).  Accordingly, the portion of the interrogatory requesting the identification of mental health care providers who have treated Schagene since December 1, 2015, seeks relevant information.  See Carnell Constr. Corp. v. Danville Redev. & Hous. Auth., Civil Action No. 4:10–cv–00007, 2015 WL 2451223, at *4 (W.D. Va. May 22, 2015) (granting motion to conduct discovery on remand) ("[I]ssues regarding [plaintiff's] continued damages, . . . are highly relevant and necessary for a full presentation and vigorous testing of [plaintiff's] claims for damages.")).

The Secretary of the Navy also asks Schagene to identify "all medical care practitioners" who have treated her during the requested time period, but does not provide any justification or legal authority for the request.  (See Ex Parte Appl. Ct. Order 3, ECF No. 161; Reply 12, ECF No. 165.)  At this stage of the proceedings, the request is overbroad and not proportional to the needs of the case.  See Fed. R. Civ. P. 26(b)(1) (allowing discovery relevant to any claim or defense and proportional to the needs of the case); see also Singleton v. Lopez, 1:08-cv-00095-AWI-EPG, 2015 WL 6697916, at *1,

*3-4 (E.D. Cal. Nov. 2, 2015) (considering the scope of permissible discovery after the appellate court reversed the trial court's grant of summary judgment on the deliberate indifference to back and eye pain, and swelling claims; allowing limited discovery into records from medical care providers who had treated plaintiff's back and eye conditions, but not blood condition) (emphasis added); Barnard v. Las Vegas Metro. Police Dep't, No. 2:03–CV–01524–RCJ–(LRL), 2010 WL 1815410, at *2 (D. Nev. Apr. 30, 2010) ("More information regarding ongoing medical conditions can always be gained by conducting more and more discovery as time goes on, but at some point the trial must be held."). The Court therefore modifies interrogatory number one as follows: "Other than Joel Lazar, Ph.D., identify all mental health care practitioners and medical providers who have addressed your mental health, with whom you have treated from December 1, 2015, to the present, including medical doctors, psychiatrists, psychologists, counselors and therapists. For each such provider identified, provide the name, current address, telephone number, and the dates you treated with each individual provider."

Plaintiff's counsel's January 4, 2018 e-mail to defense counsel indicates that Dr. Lazar is the only mental health care provider who has treated Plaintiff since the trial. (See Reply 9, ECF No. 165.) If the representation is accurate, Schagene should state so under oath. See 7 James Wm. Moore, et al., Moore's Federal Practice, § 34.13[2][a], at 34-57 (3d ed. 2017) (providing that when a party responds to a document request with an answer, as opposed to production or an objection, the party must answer under oath) (footnote omitted). The Court therefore **GRANTS IN PART** the Defendant Spencer's motion to compel response to interrogatory one and **ORDERS** Schagene to respond to the interrogatory, as modified by the Court. See Carnell Constr. Corp., 2015 WL 2451223, at *2 (citing MercExch., L.L.C. v. eBay, Inc., 467 F. Supp. 2d 608, 611-12 (E.D. Va. 2006)) ("[W]here the relief sought on remand requires a consideration of facts as they exist at the time of remand and not as they existed several years in the past, then discovery to update and determine facts as of the relevant date may be appropriate."); Rios, 2014 WL 1413639, at *6-7 (citing Abila v. United States, No. 2:09–cv–01345–

KJD–VCF, 2013 WL 486973 (D. Nev. Feb. 6, 2013)) (reopening limited discovery to assess plaintiff's "<u>current</u> lumbar spine condition, treatment needs and prognosis, and the extent to which these matters are attributable to the injuries" plaintiff sustained in the underlying accident) (emphasis added).

### 2. Interrogatory number two

Interrogatory two requests Plaintiff to "[p]rovide the name, address and telephone number for each pharmacy in which you have filled prescription medications from January 1, 2014 to the present." (Reply 12, ECF No. 165.) Schagene has not responded to the interrogatory. (<u>See</u> Opp'n, ECF No. 164.)

For the same reasons stated above, the portion of the interrogatory seeking the identification of <u>all pharmacies</u> in which Plaintiff has filled <u>all of her prescriptions</u> for the period dating back to January 1, 2014, seeks irrelevant information, and is overbroad and not proportional to the needs of the case. <u>See</u> Fed. R. Civ. P. 26(b)(1) (allowing discovery relevant to any claim or defense and proportional to the needs of the case). The Court modifies the interrogatory to seek "the name, address and telephone number for each pharmacy in which you have filled prescription medications associated with your mental health condition from December 1, 2015, to the present." Accordingly, the motion to compel response to interrogatory number two is **GRANTED IN PART**, and Schagene is **ORDERED** to respond to the interrogatory, as modified by the Court.

### 3. Interrogatory number three

Interrogatory three asks Plaintiff to "[i]dentify employers for whom you have worked from January 1, 2014 to the present. For each such employer identified, provide the name, current address, telephone number, and the dates you worked for each employer." (Reply 13, ECF No. 165.) Schagene has not formally responded to the interrogatory, but her counsel stated in the January 4, 2018 e-mail to defense counsel that Schagene "has not been employed since the time of the last trial." (<u>See</u> <u>id.</u> at 9.)

Plaintiff alleges in her Complaint that she "suffered and <u>continues to suffer</u> loss of wages and other benefits of employment," and seeks damages for lost earnings,

leave time, retirement benefits, and privileges based on tenure. (See Compl. 5, 9, ECF No. 1 (emphasis added).) In light of the allegations in the Complaint, the requested information is relevant. See Carnell Constr. Corp., 2015 WL 2451223, at *4 ("[I]ssues regarding [plaintiff's] continued damages, and especially [plaintiff's] efforts to mitigate . . . , are highly relevant . . . ."). As discussed above, the requested period dating back to January 1, 2014, is overbroad. The Court therefore modifies the interrogatory to state the following: "Identify employers for whom you have worked from December 1, 2015, to the present. For each such employer identified, provide the name, current address, telephone number, and the dates you worked for each employer."

Plaintiff's counsel's January 4, 2018 e-mail indicates that Plaintiff has not been employed since the date of her trial. (See Reply 9, ECF No. 165.) The statement, however, was not made under oath, and Schagene should provide a verified response. See 7 James Wm. Moore, et al., Moore's Federal Practice, § 34.13[2][a], at 34-57 (providing that when a party responds to a document request with an answer, as opposed to production or an objection, the party must answer under oath) (footnote omitted). The Court therefore **GRANTS IN PART** the Navy's motion to compel Schagene to respond to interrogatory number three, as modified by the Court.

## V. CONCLUSION

For the reasons set forth above, the Court enters the following **ORDERS**:

Defendant's Ex Parte Application for Court Order [ECF No. 161] is **GRANTED IN PART**.

1) Plaintiff is **ORDERED** to produce her psychological records generated by Dr. Lazar from March 31, 2014, to the present, by **<u>March 22, 2018</u>**. If after reviewing the updated records Defendant's designated medical expert, Dr. Kalish, issues an amended expert report, he must do so by **<u>April 5, 2018</u>**. The parties may depose Dr. Lazar and Dr. Kalish, by **<u>April 19, 2018</u>**. The depositions are limited to the issues and time frames specified in this order; and

2) Schagene is **ORDERED** to respond to Defendant Spencer's interrogatories one through three, as modified by the Court, by **March 22, 2018**.

    **IT IS SO ORDERED.**

Dated: March 8, 2018

Hon. Ruben B. Brooks
United States Magistrate Judge

13cv333-WQH(RBB)