**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOLITA SCHAGENE, an individual, | CASE NO. 13cv0333 WQH (RBB) |
| Plaintiff, | ORDER |
| vs. | |
| RICHARD V. SPENCER, Secretary of the Navy, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to dismiss (ECF No. 195) filed by Defendant Richard V. Spencer, Secretary of the Navy.

### BACKGROUND

On February 12, 2013, Plaintiff Lolita Schagene commenced this action by filing a complaint in this Court. (ECF No. 1). Trial commenced on December 1, 2015, and the jury issued a verdict in favor of Defendant on December 3, 2015. (ECF No. 135). On January 8, 2016 this Court entered judgment. (ECF No. 146). Plaintiff appealed.

On August 22, 2017 the Ninth Circuit Court of Appeals reversed the Judgment

and remanded the case. (ECF No. 154). The Court set trial to commence on September 11, 2018. (ECF No. 173). On August 17, 2018 Defendant filed the motion to dismiss. (ECF No. 195). On August 24, 2018, Plaintiff filed opposition. (ECF No. 210).

Defendant contends that this Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) to resolve Plaintiff's retaliation claim because Plaintiff did not exhaust her administrative remedies prior to filing her Complaint. Specifically, Defendant contends that Plaintiff failed to allege any instances of retaliation in the Equal Employment Opportunity complaint ("EEO complaint") that underlies this case. Plaintiff contends that this Court should find that subject matter jurisdiction exists because the retaliation claim is reasonably related to Plaintiff's EEO allegations.

## FACTS

The complaint alleges that Plaintiff was subjected to sexual harassment by her male co-workers and supervisors during her employment as a Recreation Aide at Fiddler's Cove Marina and Recreational Park in San Diego, California ("Fiddler's Cove") from 2004 until 2011. The Complaint alleges claims under Title VII for (1) sex discrimination; (2) sexual harassment; and (3) retaliation. Plaintiff alleges that she was subjected to "harassment, gender hostility, hostile work environments, acts of intimidation, threats of sexual and physical assault, and constructive termination from her employment" because she "complained about such harassment and gender discrimination." (ECF No. 1 ¶¶ 50–52). Plaintiff alleges her complaints to superiors constitute a protected activity, and her subsequent treatment by coworkers constitutes an adverse employment action in violation of Title VII. (ECF No. 1 ¶¶ 50–53).

Prior to filing her complaint, Plaintiff filed a formal EEO complaint in 2011. (ECF No. 195-3 at 27). In the EEO complaint, Plaintiff detailed an instance of harassment that occurred in January 2009. The EEO complaint stated,

> As we drove on the Silver Strand past Navy housing my supervisor, Brandon Workman, lifted his right short pant leg with his right hand,

revealing his penis. He then grabbed my hand and pulled it toward his penis. I immediately recoiled my hand before it touched his penis. As a result of the above incident, on or about January 20, 2011, I quit. Mr. Workman's conduct was unwelcome and caused me to quit my job.

(ECF No. 195-3 at 28). Plaintiff stated that because of the incident, she could no longer remain at Fiddler's Cove, and quit. *Id.* When asked in her pre-complaint intake questionnaire why "this action was taken against [her]," Plaintiff checked corresponding boxes for "Race," "Sex," and "Age." Plaintiff did not check the box for "Reprisal." *Id.* at 8.

In response to an EEOC request for clarification, Plaintiff provided additional details to EEOC investigators regarding Plaintiff's EEO complaint. *Id.* at 36. Plaintiff stated that "it was very uncomfortable to work with Brandon Workman after [the truck exposure] incident." *Id.* at 39. Plaintiff further detailed a 2011 conversation where coworkers discussed a plan to rape Plaintiff. *Id.* Plaintiff stated that coworkers punctured her tires after Plaintiff complained to her coworkers and Mr. Workman about the rape conversation. *Id.*

## LEGAL STANDARD

Federal judicial power extends only to cases and controversies over which a court has subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Under Title VII, a plaintiff must exhaust her administrative remedies by filing a timely claim with the EEOC, or the appropriate state agency, in order to afford the agency an opportunity to first investigate the charge. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002). After the Plaintiff has exhausted her administrative remedies, federal subject matter jurisdiction "extends over all allegations of discrimination that either fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination." *Id.* at 1100 (citing *EEOC v. Farmer Bros.*, 31 F.3d 891, 899 (9th Cir. 1994)) (emphasis in original) (internal quotations omitted); *Oubichon v. North American Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973) (holding that federal jurisdiction extends to all claims "like and

reasonably related" to claims made in the administrative context).

In order to effectuate Title VII's remedial purpose, courts are to decide which claims not charged in an EEOC complaint can "reasonably be expected to grow out of" the charges in the EEOC complaint. Since claims are typically made by those "unschooled in the technicalities of formal pleading," the Court reviews facts "with utmost liberality." *Kaplan v. Int'l Alliance of Theatrical & Stage Employees*, 525 F.2d 1354, 1359 (9th Cir. 1975). When determining whether claims a plaintiff made in her civil complaint are reasonably related to claims made in her administrative complaint, it is appropriate to look beyond the explicit formal charge. The Court considers such factors as "the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Maui Police Dept.*, 276 F.3d at 1100.

## DISCUSSION

Plaintiff alleged in her EEO complaint that her supervisor, Brandon Workman, exposed himself to her in January 2009, and that it "was very uncomfortable" to work with Brandon Workman "after [the] incident." (ECF No. 195-3 at 39). Plaintiff's retaliation claim in the complaint in this case arises in part from this same conduct; that is, Brandon Workman's allegedly hostile treatment of Plaintiff in the period between the alleged vehicle exposure incident and Plaintiff's resignation. The Court concludes that the retaliation claim is reasonably related, and could "reasonably be expected to grow out of" the charges in the EEO complaint. *See Farmer Bros.*, 31 F.3d at 899.

In the clarification statement Plaintiff submitted to the EEOC in connection with her EEO complaint, EEOC investigators were put on notice of Plaintiff's report that Plaintiff's coworkers discussed a plan while on duty at Fiddler's Cove to rape Plaintiff. (ECF No. 195-3 at 39). Plaintiff stated that coworkers punctured her tires after she confronted them about the rape conversation. *Id.* at 39–40. These allegations involve the same coworkers involved in the retaliation claim, at the same time period as the

retaliation claim, in the same physical location as the retaliation claim. A reasonable EEOC investigation of the allegations made in Plaintiff's EEO complaint would include investigation of the same facts alleged in Plaintiff's retaliation claim in this case. *See Maui Police Dept.*, 276 F.3d at 1100–03 (considering factual allegations made in a pre-complaint questionnaire, the basis, dates, locations and perpetrators of the alleged discrimination, and finding that plaintiff's civil sexual discrimination and harassment claims were reasonably related to plaintiff's administrative complaint alleging "race and retaliation harassment"). Construing the allegations made by Plaintiff in her EEO complaint with the "utmost liberality," this Court finds that Plaintiff exhausted her administrative remedies with regard to her retaliation claim. Defendant's motion to dismiss is denied.

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss (ECF No. 195) is DENIED.

DATED: September 7, 2018

**WILLIAM Q. HAYES**
United States District Judge

13cv0333 WQH (RBB)